Dear Ms. Ledet:
Your request for an Attorney General's Opinion has been referred to me for research and response. As I understand your question, it is as follows:
 May the Clerk of First City Court, in Orleans Parish, engage in the part-time practice of law representing the State of Louisiana?
It would appear that LSA R.S. 42:62 (3) and LSA R.S. 42:63 (D) provide the answer to the your question. R.S. 42:63 (D) provides, in pertinent, part as follows:
 "No person holding an elective office in a political subdivision of this State shall. . . . hold at the same time employment in the government of this State, or in the same political subdivision in which he holds an elective office. . . ."
Therefore, as a elected officer in a political subdivision of this State, you are prohibited from holding employment in the government of this State. The question then becomes whether part-time legal representation of the State constitutes employment. LSA R.S. 62(3) defines "employment" as:
 "any job compensated on a salary or per diem basis, other than an elective or appointive office in which a person is an employee of the State government or of a political subdivision thereof."
Your letter does not indicate the nature of the part-time work you anticipate doing for the State of Louisiana. However, if we assume that you anticipate working for the State on a contract basis, it is the opinion of this office that this would not constitute "employment" under the definition contained in R.S. 42:62. This is consistent with Attorney General's Opinions Numbers 88-618 and 88-653. To partially paraphrase and partially quote a portion of Opinion 88-653 if the relationship between you and the State of Louisiana is one of contract rather than "employment" as defined in R.S. 42:62 (3), the provisions of the Dual Officeholding Statute are not violated. Thus, it is the opinion of this office that you may legally enter into a contract with the State of Louisiana, to provide legal services, because such a contractual relationship will not result in an "employment" as defined by the Louisiana Dual Officeholding Law.
If, however, the anticipated work should involve working on a part-time, salaried or per diem basis, it is the opinion of this office that such work would constitute "employment" within the meaning of the statute, and would be prohibited.
I trust the foregoing adequately answers your question. If, however, additional information is needed, please do not hesitate to contact me.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________ JAMES A. SMITH, II Assistant Attorney General
RIP/JAS:pb 2312s
 Clerk of Court — Orleans Parish CIVIL DISTRICT COURT 421 LOYOLA AVENUE ROOM 402
TELEPHONE: 592-9100
Dale N. Atkins CLERK OF COURT
 February 4, 2004
Kenneth Dejean General Counsel Louisiana Department of Justice P.O. Box 94005 Baton Rouge, LA 70814
OR #04-0040 KILPATRICK 2/05/04
 Re: Request for Attorney General Opinion